STATE OF NEW JERSEY, DEFENDANT IN ERROR, v.
PETER KEEGAN, PLAINTIFF IN ERROR.

Submitted October term, 1927—Decided February 14, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and
LLOYD.

For the plaintiff in error, *I. Faerber Goldenhorn.*

For the defendant in error, *J. Vincent Barnitt.*

PER CURIAM.

The plaintiff in error urges the single ground for reversal
that the trial court erred in denying his motion to direct an
acquittal at the end of the state's case.

On the night of August 11th, 1924, the garage of the
Interstate Forwarding Company was broken into and a truck
loaded with woolen and cotton goods stolen therefrom.
Keegan, plaintiff in error, with two other men, Dunlop and
Wilkenfeld, were convicted as the guilty persons, and we
have before us the appeal of Keegan alone, he contending
that the evidence as to him was not sufficient to justify its
submission to the jury.

To sustain its case the state proved that at an early hour
on the morning of the 12th of August, 1924, appellant, in
company with Dunlop and a man named Murphy, in pur-
suance of arrangements previously made, drove the truck in
question with its contents to the garage of one Haft, stating
that the goods had been purchased at a bankruptcy sale. The
testimony to this effect was given by Haft and it is the con-

tention of plaintiff in error that Haft's positive identification of him as the driver of the truck was later qualified to such an extent that it did not afford justification for the conviction which resulted.

Apart from the rule that a motion to direct an acquittal is addressed to the discretion of the trial judge and his action thereon is not reviewable on strict bill of exceptions as here presented (*State* v. *Oliver*, 3 *N. J. Mis. R.* 1018; *affirmed*, 4 *N. J. Adv. R.* 1746), we think that Haft's testimony required submission of the case to the jury, and the judgment is affirmed.