STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. PETER KEEGAN, PLAINTIFF IN ERROR.

Submitted May 26, 1928—Decided November 30, 1928.

For the plaintiff in error, *I. Faerber Goldenhorn.*

For the defendant in error, *J. Vincent Barnitt,* prosecutor of the pleas.

The opinion of the court was delivered by

KALISCH, J. The plaintiff in error was convicted in the Passaic County Court of General Quarter Sessions of the

Peace, on an indictment containing five counts, charging him, in conjunction with Eugene Murphy, William Dunlap, William Price and Jacob Wilkenfeld, in the first count of the indictment, with breaking and entering by night, the building of the Interstate Forwarding Company, a corporation, with intent to steal its goods and chattels, &c.; and the second count, charges the breaking and entering the said building to have been by day, with intent to steal the goods and chattels, &c.; and the third count, charges the accused of only entering the building with intent to steal the goods and chattels, &c.; and the fourth count, charges the accused with larceny of the goods and chattels; and the fifth count charges the accused of receiving the said goods and chattels, knowing them to have been stolen.

There was a general verdict of guilty, upon which verdict judgment was pronounced upon the plaintiff in error, that "he shall be confined in the state's prison at hard labor for the maximum term of seven years and the minimum term of four years."

From this judgment, Peter Keegan, the plaintiff in error, appealed to the Supreme Court. The case came before that tribunal on a strict writ of error and bills of exceptions.

There were ten assignments of error, all of which, with the exception of two, were to the effect that at the close of the state's case there was no testimony tending to show that the plaintiff in error was guilty of any of the offenses charged against him in the indictment, whereupon, counsel for the plaintiff in error, because of the alleged absence of proof of guilt requested the court to direct a verdict of acquittal, which request the court refused to comply with, whereupon an exception was taken to such refusal.

The Supreme Court affirmed the judgment of the Court of General Quarter Sessions in a *per curiam* opinion, which was not printed in the state of the case before us, but is to be found in 6 *N. J. Mis. R.* 216. See, also, 140 *Atl. Rep.* 435.

From the opinion it appears that the only ground for reversal urged before the court was that the trial judge erred in denying a motion of counsel for the plaintiff in error to

direct an acquittal at the end of the state's case. The opinion, after reviewing the facts involved in considering the alleged error, that the state failed in proving the guilt of the plaintiff in error, practically passed upon the question as to the sufficiency of the evidence to warrant the submission of the case to the jury. This sufficiency appears from the statement in the opinion of the court, to the effect, that the motion to direct a verdict for the plaintiff in error was properly denied, for the reason that the testimony of one of the state's witnesses was of such a nature as to require submission of the question of the innocence or guilt of the accused to the jury.

After an examination of the testimony, adduced at the trial, we reach the same result. We do not affirm the judgment upon the *per curiam* opinion of the court below, for the reason that it contains an erroneous declaration of the settled legal rule of practice. At page 217 of 6 *N. J. Mis. R., supra,* the Supreme Court says: "Apart from the rule that a motion to direct an acquittal is addressed to the discretion of the trial judge, and his action thereon is not reviewable on strict bills of exceptions as here presented. *State* v. *Oliver,* 3 *N. J. Mis. R.* 1018; *affirmed,* 103 *N. J. L.* 206."

Turning to *State* v. *Oliver, supra,* a careful perusal of the case makes it manifest that the plaintiff in error, therein, did not rest his case, at the close of the state's case, and hence, the matter being before the court for review on strict writ of error and bills of exceptions, and the reviewing court, dealing with a case where the accused had entered upon his defense, very properly laid down the settled legal rule, that when the posture of a case is such as outlined, the motion to direct an acquittal after the state has rested its case, is a matter addressed to the discretion of the court, and, of course, is not subject to review. In support of this view the court refers to *Burnett* v. *State,* 62 *N. J. L.* 510, in which case the Supreme Court (at *p.* 512), in substance said, that until the evidence on part of the state was wholly closed, the defendant had no standing to make a motion to direct an acquittal, and that an exception to its denial is waived by proceeding with the defense. A new motion can be made at the close of the

whole case. And that this was the course pursued in *People* v. *Bennett,* 49 *N. Y.* 137.

The course of practice referred to, and which is firmly settled, by later decisions of the Supreme Court, and of this court, in cases which were brought up for review on strict writ of error and bills of exceptions, and where the accused, after the state had rested its case, made a motion for an acquittal, which motion was denied, and an exception taken to such denial, and then entered into a defense, thereby waived his exception.

The case of *State* v. *Jaggers,* 71 *N. J. L.* 281, was a case brought up for review on strict writ of error and bills of exceptions, and also under the one hundred and thirty-sixth section of the Criminal Procedure act, is signally illustrative of the subject at hand.

Chancellor Magie, speaking for this court (at *p.* 283), says: "The third assignment is based on an exception to the refusal of the trial court to discharge defendant, or to direct a verdict of not guilty at the close of the state's evidence. This motion was addressed to the discretion of the court, and the action of the court is not reviewable on error. But we are required by the provisions of section 136 of the Criminal Procedure act of 1898 (*ubi supra*) to consider whether the plaintiff in error, who brings up the case under that section has suffered manifest wrong or injury in the denial of any matter by the trial court, which was a matter of discretion. This question is presented by plaintiff in error among the causes specified and relied on for relief or reversal under section 137."

It is plain that the learned chancellor, bearing in mind that the defendant was precluded from availing himself of the exception, taken as a matter of strict right, because he had entered upon his defense, nevertheless, by virtue of the one hundred and thirty-sixth section of the Criminal Procedure act, where the entire proceedings are brought up for review, a duty was cast upon the court, in every such case, to consider whether the person appealing has suffered manifest wrong or injury in the denial of any matter by the trial court, even though it be a matter of discretion, and even though a bill of exception was settled, signed and sealed thereto, &c.

In the other cases referred to, in *State* v. *Oliver, supra,* namely, the cases of *State* v. *Lieberman,* 80 *N. J. L.* 506; *affirmed,* 82 *Id.* 748; and *State* v. *Metzger,* 82 *Id.* 749, it is quite evident from both of these cases that they deal with a situation where the accused, after the state rested its case, entered into a defense, and, therefore, he was debarred of availing himself of an exception taken at the close of the state's case to the refusal of the trial judge to direct a verdict of acquittal.

In *State* v. *Schoor,* 81 *N. J. L.* 263, Mr. Justice Trenchard (at *p.* 264), in delivering the opinion of the Supreme Court, said: "The first assignment of error requiring consideration is that presenting an exception of the refusal of the trial judge to direct an acquittal of the defendant at the close of the state's case," and then says, that "the error assigned cannot be considered as presented," and gave this reason: "This court has held that the denial of a motion, made on the trial of an indictment, to direct an acquittal at the close of the state's case, and before the evidence is wholly closed, is not the subject of review on an ordinary writ of error."

In *State* v. *Contarino,* 92 *N. J. L.* 381, Chancellor Walker, after a review of the cases above referred to, speaking for this court (at *p.* 383), says: "It is true that in State v. Burnett [1898] it was held that the denial of the motion to direct an acquittal at the close of the state's case on the trial of an indictment, was not subject to review on error, and it was queried whether such a refusal, after a close of the whole case was reviewable. In that case, section 136 of the Criminal Procedure act was not invoked, and the cause was before the court on a strict bill of exceptions."

There can be no debatable question that, before the enactment of the one hundred and thirty-sixth section of the Criminal Procedure act, a motion, to direct a verdict of acquittal, made at the close of the state's case, was considered to be a motion based upon the strict legal right of an accused, to have the trial judge pass upon the sufficiency of the proof, and that the denial of the motion is subject to an exception. But where a defendant enters into a defense after the denial of such motion he waives the benefit of the exception taken, or in other words

he is considered to have abandoned the exception. He may, however, after the close of the entire case, challenge the sufficiency of the entire testimony, in that it fails to establish the charge or charges made in the indictment against the defendant, by a motion to direct a verdict for the defendant, and if such motion is denied, he is entitled to take an exception to such judicial action, and assign error thereon.

The case of *Ruloff* v. *People,* 18 *N. Y.* 179, illustrates the practice in the trial of a criminal case where there is a failure of proof to establish the crime charged. In that case, after the district attorney had opened the state's case and had stated the facts upon which the state relied, to prove the guilt of the accused, counsel of defendant moved the court to halt the trial, for want of proof of the *corpus delicti.* The trial judge reserved the question till the state had put in its case. At the close of the evidence, on part of the state, counsel of the accused renewed his motion made at the opening of the cause, "and insisted that, as it now appeared, that no direct evidence of the death or the murder of the infant daughter had been given, no conviction could be properly had, and that the jury should be so advised and instructed, and should be directed to find a verdict of not guilty." The motion was denied and an exception was taken to such denial. The defendant entered into no defense and thereupon the court proceeded to charge the jury, and the prisoner having been convicted, and the matter coming on to be heard before the Court of Appeals, on a strict writ of error and bill of exception, that court, after reviewing the evidence, held that the case was improperly left to the jury, and reversed the judgment.

In the instant case, like in the case of State *v.* Ruloff, the defendant did not enter into a defense, and, therefore, he was entitled to have the assignment of error, founded upon the exception taken to the refusal of the trial judge to direct a verdict for the defendant, considered.

Although the Supreme Court was of the opinion that the error assigned was not reviewable, it nevertheless did review the sufficiency of the testimony, and found that the motion to direct a verdict for the defendant was properly denied.

The judgment brought up for review is affirmed.

*For reversal*—None.